UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JESSE HELMS,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**MIKE DAISEY,**<br><br>　　　　Defendant. | Case No. 24–cv–06644–ESK–MJS<br><br><br>OPINION |

**KIEL, U.S.D.J.**

　　**THIS MATTER** comes before the Court on *pro se* plaintiff Jesse Helms's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Complaint). (ECF No. 1.) Because plaintiff has been granted *in forma pauperis* status, I must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). For the following reasons, I will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

　　**I.　FACTS AND PROCEDURAL HISTORY**

　　Plaintiff, who is presently confined in South Woods State Prison, seeks relief from defendant Mike Daisey. (ECF No. 1 p. 6.) While on parole, plaintiff was assigned to Hendrix House for 180 days; Daisey was plaintiff's counselor. (*Id.* p. 12.) Hendrix House employees dropped plaintiff off at a dentist's office to have a tooth removed. (*Id.*) They instructed plaintiff to call them when he was done so that they could pick him up. (*Id.*) After the procedure, the dentist advised plaintiff that he could not eat for six hours but meal replacement shakes were fine. (*Id.*) Plaintiff walked to a thrift store to buy some shakes. (*Id.*) Hendrix House called the dentist's office while plaintiff

was at the store.  (*Id.*)  When he returned to the dentist's office, plaintiff called Hendrix House and asked them to pick him up.  (*Id.*)

Plaintiff was told to go to Daisey's office as soon as he got back to Hendrix House.  (*Id.*)  Daisey asked plaintiff why he was not at the dentist's office when Hendrix House called.  (*Id.*)  Plaintiff explained the situation and received a "30 day contract 'not pending discharge.'"  (*Id.* (emphasis omitted).)  Plaintiff also told Daisey that he received multiple injections during the tooth removal and was worried about what might turn up in an urine sample.  (*Id.*)  Plaintiff was instructed to provide a sample.  (*Id.*)  Three days later, plaintiff was arrested and sent back to prison for allegedly testing positive for codeine. (*Id.*)

Plaintiff asserts Daisey breached his contract by sending plaintiff back to prison.  He states the contract included loss of certain privileges but did not contain a "pending discharge" clause.  (*Id.* p. 13.)  He seeks between $ 15,0000 and $ 20,000 for mental stress and the loss of his freedom.  (*Id.* p. 6.)

**II.   LEGAL STANDARD**

The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit.  28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).at 251).

### III. DISCUSSION

To state a claim for relief pursuant to § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted). It is not clear from the Complaint that plaintiff satisfies these requirements.

Plaintiff calls his claim a breach of contract claim, asserting that the "contract" he signed with Daisey was not a "pending discharge" agreement and that plaintiff's subsequent removal from Hendrix House violated this agreement. (ECF No. 1 pp. 4, 13.) This claim is a state law claim and does not allege Daisey violated the Constitution or federal law. Additionally, it is not clear that Daisey was personally responsible for plaintiff's removal from the program. Plaintiff states that he was arrested; it is not plausible that a halfway house counselor personally arrested plaintiff and took him to jail. I need more information about what happened and how Daisey was involved before I can reasonably infer that Daisey may be liable to plaintiff. I will dismiss the Complaint for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

3

Generally, "[a] plaintiff[ ] who file[s a] complaint[ ] subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). It is possible that plaintiff may be able to state a claim by providing more information, so I will grant plaintiff 45 days to submit a proposed amended complaint. The proposed amended complaint will be subject to my § 1915 review prior to service. Failure to submit a proposed amended complaint within 45 days of the accompanying order will convert the order into a dismissal of all claims with prejudice without further action by the Court.

### IV.  CONCLUSION

For the reasons stated above, I will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may submit a proposed amended complaint within 45 days. An appropriate Order accompanies this Opinion.

  /s/ Edward S. Kiel  
**EDWARD S. KIEL**  
UNITED STATES DISTRICT JUDGE

Dated: February 27, 2025

4